**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRAIMER ALEXANDER TORO MOSQUERA** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2655-SLP** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION AND ORDER**

Petitioner Fraimer Alexander Toro Mosquera, a non-citizen proceeding *pro se*,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] Petitioner has filed a Motion for Temporary Restraining Order to Preserve the Status Quo: To Prohibit His Removal from the United States and His Transfer Outside this District While His Motion to Reopen and this Petition Are Pending. (Doc. 14). For the reasons discussed below, the undersigned recommends the Court **GRANT** the Motion **in part**.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Factual Background and Procedural History

Petitioner is a citizen of Venezuela who entered the United States on October 5, 2024. (Doc. 12, at Ex. 1, at 1). The same day, Petitioner was issued a Notice to Appear, charging him as inadmissible. (*Id.*) The Notice to Appear states that Petitioner was to appear on June 9, 2027, for his immigration court hearing. (*Id.*) Petitioner was paroled into the United States, and his parole ended on April 24, 2026. (*Id.* at Ex. 2). Petitioner applied for asylum and withholding of removal, (Doc. 1, at Ex. 4), and received work authorization, which expires on December 8, 2027. (*Id.* at Ex. 5).

On September 7, 2026, Petitioner was arrested and detained in the Woodward County Jail. (Doc. 14, at Ex. 1, at 1). On September 11, 2026, the immigration court held a removal hearing. (Doc 12, at Ex. 4, at 1). The immigration court found that Petitioner had notice of the hearing and failed to appear. (*Id.*) The immigration court ordered Petitioner removed to Venezuela *in absentia*. (*Id.* at 1-2). On September 12, 2026, Petitioner was transferred to ICE custody. (Doc. 12, at 2).

On September 17, 2026, Petitioner filed the instant Petition. (Doc. 1, at 18). On October 13, 2026, Respondents timely filed a Response. (Doc. 12). On October 19, 2026, Respondents filed a Notice advising the Court that Petitioner had been scheduled for removal and that he was being transferred for pre-removal staging. (Doc. 13). On October 23, 2026, Petitioner mailed the Motion for a Temporary Restraining Order, alongside his Reply, (Doc. 16), which was received by the Court on October 26, 2027. (Doc. 14, at 5). Also on October 23, 2026, Petitioner mailed his Motion to Reopen and Rescind the *In Absentia* Order of Removal to the immigration court. (Doc. 16, at Ex. 2, at 9).

On October 27, 2026, the Court ordered Respondents to Respond to the Motion for a Temporary Restraining Order by 2:00 pm on October 27, 2026. (Doc. 17). Respondents filed a Response in opposition to the Motion for a Temporary Restraining Order, asking that the motion be denied, or, in the alternative, that the Temporary Restraining Order be limited to 14 days. (Doc. 18, at 6). Respondents submit that "Petitioner's Motion to Reopen and Rescind the Immigration Court's *in absentia* order *has not yet been received* by the Immigration Court" and that "no action will be taken by DHS to move or remove without first checking to see if a Motion to Reopen has been filed." (*Id.* at 1-2) (emphasis in original).

## II. The Court Has Jurisdiction to Prohibit Removal.

Title 8 United States Code, Section 1252 provides in part that "a petition for review filed with an appropriate court of appeals shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). In addition, § 1252(g) provides "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* § 1252(g). "However, § 1252 is not implicated by a request for a temporary injunction to stay a detainee's removal during the pendency of a habeas proceeding challenging the legality of the detention without contesting the underlying removal order." *Abedi v. Carter*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *13 (10th Cir. Oct. 21, 2026). The instant Petition challenges the legality of Petitioner's detention, not the merits of his removal order, which he is properly disputing in

immigration court. "Accordingly, § 1252 does not bar the district court from granting the requested relief." *Id.*

**II. The Court Has the Authority to Grant the Requested Injunction.**

"The All Writs Act, 28 U.S.C. § 1651, grants a district court expansive authority to issue 'all writs necessary.'" *Tooele Cnty v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016) (quoting § 1651(a)). The standard under § 1651 is "whether the order is necessary or appropriate in aid of jurisdiction and agreeable to the usages and principles of law." *Abedi*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *13 (citations and quotations omitted) (reversing and remanding the district court's denial of a "request for an injunction to prevent his removal from the United States while his habeas petition is pending"). As set forth fully below, the undersigned finds it appropriate to order a stay of Petitioner's removal for 14 days, or until a stay is entered by the immigration court when it receives Petitioner's Motion to Reopen, whichever is earlier. Such an order is necessary and appropriate in aid of jurisdiction and agreeable to the usages and principles of law because the Court will lose jurisdiction if Petitioner is removed from the United States, and the underlying claim likely has merit.

**III. Legal Standard for Preliminary Injunctions**

To succeed on a motion for a temporary restraining order or a preliminary injunction, the movant must show "(1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest*

*Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009); *see Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these elements favor granting the Motion.

## IV. Analysis

### A. Petitioner Is Likely to Succeed on the Merits

Petitioner's Petition for a writ of habeas corpus requests, in part, an individualized bond hearing before a neutral immigration judge. (Doc. 1, at 17). Under *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026), Petitioner is entitled to such a bond hearing if he is detained under 8 U.S.C. § 1226. Respondents state that Petitioner is not entitled to a bond hearing because he is detained under § 1231 under a final order of removal due to him being ordered removed *in absentia*. (Doc. 12, at 5). Petitioner was ordered removed *in absentia* on September 11, 2026, because he was in the Woodward County Jail on the day of his immigration hearing.[3] (Doc. 16, at Ex. 1, at 1).

Petitioner is filing a Motion to Reopen and Rescind the *In Absentia* Order of Removal in the immigration court. (Doc. 16, at Ex. 2). "An order entered *in absentia* . . . may be rescinded upon a motion to reopen . . . upon the alien's demonstration of the alien's Federal or State custody and the failure to appear was through no fault of the alien." 8 C.F.R. § 1003.23(b)(4)(ii). "The filing of a motion under this paragraph (b)(4)(ii) shall

[3] The undersigned takes judicial notice of the state court docket, which shows that Petitioner paid incarceration fees for five days beginning on September 8, 2026, meaning that Petitioner was indeed in state custody on the day of his removal hearing. *See* Oklahoma State Courts Network, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=woodward&number=CM-2026-00189&cmid=12269603 (last visited Oct. 27, 2026).

stay the removal of the alien pending disposition of the motion by the immigration judge. *Id.*

Therefore, when the immigration court receives Petitioner's Motion to Reopen, it will automatically enter a stay of removal pending the disposition of that motion. The immigration court will likely rescind the *in absentia* order of removal because Petitioner could not attend his immigration hearing through no fault of his own because he was in state custody. Petitioner will then be detained under 8 U.S.C. § 1226 and entitled to the bond hearing mandated by *Santillan Quiroz*, as he requests in the instant Petition.

Respondents state that Petitioner has not shown what evidence he would use to meet the standard to reopen his immigration proceedings and persuade the immigration judge to alter his previous decision. (Doc. 18, at 3). In particular, Respondents state that the immigration judge already ruled that Petitioner was inadmissible based on evidence provided by DHS. (*Id.*) However, Respondents overlook Petitioner's application for asylum and withholding of removal, on which the immigration judge did not have an opportunity to rule. (Doc. 14, at Ex. 1). Even if the immigration judge does not change his position on inadmissibility, the immigration judge may grant withholding of removal.

Furthermore, Petitioner does not have to show the Court that he will ultimately succeed on in his immigration case. He need only show that he will likely be detained under 8 U.S.C. § 1226 while the immigration court considers his case. Following 8 C.F.R. § 1003.23(b)(4)(ii), the immigration court will likely rescind the order because Petitioner's absence was due to being in state custody and not through fault of his own. Accordingly, the undersigned finds Petitioner is likely to succeed on the merits.

**B. Removal Would Cause Irreparable Harm**

If Petitioner is removed to Venezuela, this Court will have no jurisdiction to provide any habeas relief because the Petition would be moot. *See Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *3 (W.D. Okla. Mar. 30, 2026) ("Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention."). The removal would also expose Petitioner to the very harms of which he has expressed fear in his asylum application, which he has not yet been able to argue in immigration court. (Doc. 14, at 1).

Respondents argue that Petitioner will not suffer irreparable harm because the immigration court will soon receive Petitioner's Motion to Reopen and stay his removal. (Doc. 18, at 4). Respondents state that "no action will be taken to remove Petitioner without first consulting to see if a Motion to Reopen has stayed removal proceedings." (*Id.*) Although Respondents characterize this as a "self-imposed" stay, (*id.*), Respondents' statement seems to leave open the possibility that Petitioner could be removed before the immigration court actually receives his Motion to Reopen. If petitioner were removed in that time, then he would suffer irreparable harm by divesting the Court of habeas jurisdiction and suffering the harms he fears in Venezuela. The purpose of a Temporary Restraining Order here is to prevent precisely that harm while allowing the immigration court the chance to process his Motion to Reopen.

**C. The Public Interest and the Balance of Equities Support Granting Relief**

The public interest and the balance of the equities merge when the United States Government is a party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The undersigned finds

that the equities weigh in favor of a Temporary Restraining Order and that granting this relief is in the public interest. Respondents do not suffer an injury when the Court facilitates their compliance with their own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Therefore, any injury suffered by Respondents occasioned by a short-term injunction is outweighed by Petitioner's threatened injury from being removed to Venezuela, where he has expressed a fear of returning, and he has yet been unable to argue his asylum case in immigration court. Although there is a public interest in the prompt execution of removal orders, "there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken*, 556 U.S. at 436.

**V. Security**

Federal Rule of Civil Procedure 65 permits the court to issue a Temporary Restraining Order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." In the Tenth Circuit, district courts "have wide discretion under Rule 65(c) in determining whether to require security, and may, therefore, impose no bond requirement." *ETP Rio Rancio Park, LLV v. Grisham*, 517 F. Supp. 3d 1177, 1215 (D.N.M. 2021) (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009)) (internal quotations omitted). The undersigned finds that no security is necessary for a Temporary Restraining Order in this case.

## VI. Recommended Ruling, Notice of Right to Object, and Order of the Court

For the foregoing reasons, the undersigned recommends the Court **GRANT in part** Petitioner's Motion for a Temporary Restraining Order, (Doc. 14). The undersigned recommends the Court enter a Temporary Restraining Order restraining Respondents from removing Petitioner from the United States, which will expire when the earlier of the following occurs: (1) 14 days have passed from the date and time of the order; (2) the immigration court receives Petitioner's Motion to Reopen and enters a stay of removal; or (3) the immigration court dismisses or denies Petitioner's Motion to Reopen before it enters a stay of removal. The undersigned recommends the Court order Respondents to provide a status update within 24 hours upon notice of the Temporary Restraining Order expiring from one of the above events.

The Court also **ORDERS** the following:

Respondents shall notify their counsel within 24 hours of their discovery of either (1) the immigration court's receipt of Petitioner's Motion to Reopen and entry of a stay of removal or (2) the immigration court's dismissal or denial of Petitioner's Motion to Reopen before it enters a stay of removal. Upon receiving such notice, or upon independent discovery of the same, Respondents' counsel shall file a notice with the Court within 24 hours advising of such receipt, stay of removal, or dismissal or denial of Petitioner's Motion to Reopen.

**The Court advises the parties of their right to object to this Report and Recommendation by October 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72(b)(2).[4] Under the circumstances of this Motion for a Temporary Restraining Order, the Court also advises the parties that no additional time will be provided to respond to objections. The Court further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues and does not terminate the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of October, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").