# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRAIMER ALEXANDER TORO MOSQUERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2655-SLP |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation and Order [Doc. No. 19] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, Petitioner's Motion for Temporary Restraining Order to Preserve the Status Quo: to Prohibit his Removal from the United States and His Transfer Outside this District while his Motion to Reopen and this Petition are Pending [Doc. No. 14] (TRO Motion). Respondents have filed an Objection [Doc. No. 20], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court DECLINES TO ADOPT the R&R and DENIES the TRO Motion.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on October 5, 2024, near San Ysidro, California. That same day, Petitioner was placed by United States Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and was charged as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i). Petitioner was subsequently paroled into the United States. Petitioner's parole expired on April 24, 2026. Petitioner also subsequently filed an application for asylum in his immigration proceeding.

On September 7, 2026, Petitioner was arrested by the Woodward County Sheriff's Office in Woodward County, Oklahoma.[1] On September 11, 2026, the immigration court held a removal hearing for Petitioner's immigration matter. Because the immigration judge found that Petitioner had notice of the hearing and failed to appear, the immigration judge ordered Petitioner removed to Venezuela *in absentia*. On September 12, 2026, Petitioner was transferred from state custody to ICE custody.

On September 25, 2026, Petitioner filed this action, claiming his detention violates 8 U.S.C. § 1226(a) and his due process rights under the Fifth Amendment to the United States Constitution. Petitioner also asserted claims relating to an alleged warrantless arrest and the validity of a voluntary departure document he alleges he was coerced to sign.[2] As

[1] The Petition alleges that Petitioner was detained by immigration officials on September 7, 2026. See Pet. [Doc. No. 1] at 13. Petitioner now represents he was detained by the Woodward County Sheriff's Office that day. *See* [Doc. No. 16] at 2.

[2] Although raised in the Petition, Petitioner represents he is no longer bringing a warrantless arrest claim at this time. *See* Reply [Doc. No. 16] at 9.

relief, Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or, in the alternative, release from custody. The Petition does not reference the order of removal *in absentia*. When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On October 19, 2026, Respondents filed a Notice of Petitioner's Movement [Doc. No. 13], which indicated that "Petitioner ha[d] been scheduled for removal]" and that "on October 22, 2026, Petitioner w[ould] be transferred outside this judicial district to El Paso, Texas for pre-removal staging." *See* Notice [Doc. No. 13] at 1. On October 23, 2026, Petitioner mailed the TRO Motion [Doc. No. 14] to this Court, as well as his reply brief [Doc. No. 16] in support of his Petition, which was received by the Court on October 26, 2026.

In the TRO Motion, Petitioner requests that the Court enter a temporary restraining order preventing the Respondents from removing "Petitioner from the United States until the Immigration Judge rules on his Motion to Reopen and Rescind and this Court rules on his Petition, or until further order of this Court." TRO Motion [Doc. No. 14] at 4. Petitioner indicates that he mailed a Motion to Reopen and Rescind the In Absentia Order of Removal, and Notice of Automatic Stay of Removal (Motion to Reopen) to the San Antonio immigration court on October 23, 2026. *See* TRO Motion [Doc. No. 14] at 2; Motion to Reopen [Doc. No. 16-2] at 10. Respondents filed a response [Doc. No. 18] to the TRO Motion on October 27, 2026.

On November 2, 2026, the Court directed "the Respondents to provide an update . . . as to whether the immigration court has received a Motion to Reopen filed by

Petitioner." *See* Order [Doc. No. 21] at 2. On November 3, 2026, Respondents filed a Status Update [Doc. No. 22] indicating that "no Motion to Reopen has been filed in Petitioner's immigration case." *See* Status Update [Doc. No. 22].[3]

## II. Discussion

Respondents assert two objections to the Magistrate Judge's findings: that "(1) the R&R misapplied the jurisdiction stripping provision of 8 U.S.C. 1252(g); and (2) Petitioner is unlikely to succeed on the merits." Obj. [Doc. No. 20] at 1.[4]

Respondents challenge the Court's jurisdiction to grant the requested injunction, arguing the R&R misapplies 8 U.S.C. § 1252(g). The statute provides "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." § 1252(g). The Tenth Circuit has recently found that "§ 1252 is not implicated by a request for a temporary injunction to stay the detainee's removal during the pendency of a habeas proceeding challenging the legality of the detention without contesting the underlying removal order." *Abedi v. Carter*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *13 (10th Cir. Oct. 21, 2026)

The Magistrate Judge found that the "instant Petition challenges the legality of Petitioner's detention, nor the merits of his removal order, which he is properly disputing

[3] Once the Motion to Reopen is filed, the execution of the removal order will be stayed. *See* 8 C.F.R. § 1003.23(b)(4)(ii).

[4] Because the Court finds that it lacks jurisdiction to grant the requested relief, the Court need not address Respondents' remaining objections.

in immigration court." *See* R&R [Doc. No. 19] at 4. As such, the Magistrate Judge found that § 1252(g) did not present a bar to Petitioner's request for injunctive relief in the TRO Motion. The Respondents argue that § 1252(g) strips this Court of jurisdiction to decide the TRO Motion as the claim presented in the TRO Motion "'aris[es] from a decision to execute a removal order against" Petitioner and that the TRO Motion "indirectly challenges the order of removal." *See* Obj. [Doc. No. 20] at 2-3.

While the Magistrate Judge is correct that the Petition challenges the legality of his detention, the Petition was based on the inaccurate premise that Petitioner was not subject to an administratively final order of removal. Petitioner asserts in the Petition that he is entitled to a bond hearing under § 1226(a) as he was a "noncitizen who entered the United States and was thereafter detained in the interior of the country." *See* Pet. [Doc. No. 1] at 14. However, the record reflects that as of the date of this Order, as well as the time that the Petition was filed on September 25, 2026, Petitioner was subject to an order of removal entered *in absentia* on September 11, 2026. *See* Immigration Judge Order [Doc. No. 12-4]; *see also* Mot. [Doc. No. 14] at 2 (acknowledging removal order); Reply [Doc. No. 16] at 1 (same). It is not apparent when Petitioner became aware of the order of removal entered *in absentia*. Critically, the order of removal entered *in absentia* was not referenced in the factual background nor the legal claims of the Petition.

An order of removal entered *in absentia* becomes administratively final upon entry. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [i]f an immigration judge orders an alien removed in the alien's absence, immediately upon entry

of such order"). An order of removal entered *in absentia* can only be rescinded through the mechanism of a motion to reopen in an immigration proceeding. *See* 8 C.F.R. § 1003.23(b)(4)(ii). Petitioner is currently subject to an order of removal entered *in absentia*. Such status affects the Court's ability to exercise jurisdiction over the requested injunctive relief in the TRO Motion.

Petitioner has not asserted in the TRO Motion that there is an "inherent problem with the detention itself" which would justify a stay of removal. *Abedi*, 2026 WL 3149141, at *13. Rather, Petitioner has asserted the lawfulness of his detention is contingent on an issue not raised in the Petition—the recission of the order of removal entered *in abstentia*. *See* TRO Motion [Doc. No. 14] at 3 (Asserting that Respondents' basis for his detention is lacking "if the *in absentia* order is rescinded); Reply [Doc. No. 16] at 8 (Noting his statutory claim "is contingent on the recission of the *in absentia* order"). Central to the TRO Motion is the finality of Petitioner's removal order entered *in absentia*, an issue that will be before the immigration court and independent of Petitioner's claims before this Court. The Court finds that Petitioner's request for a stay of removal in the TRO Motion is a challenge to the execution of the removal order entered *in absentia* against Petitioner. Petitioner's request for a stay of removal, while the removal order entered *in absentia* is in effect, is a request that may be sought through the immigration court, not through this Court.[5]

---

[5] Petitioner is able to obtain such relief by the mechanism of the filing of the Motion to Reopen in the immigration court. *See* 8 C.F.R. § 1003.23(b)(4)(ii). The remaining stay requests in the TRO Motion are improper for this Court to address as they are contingent on the immigration court

Because Petitioner does not assert in the TRO Motion that his present detention is unlawful, the Court finds that his request for a stay of removal in the TRO Motion would arise from a decision to execute a removal order. Accordingly, the Court finds that it lacks jurisdiction to grant the requested relief in the TRO Motion.

## III. Conclusion

IT IS THEREFORE ORDERED that the Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 19]. Petitioner's Motion for Temporary Restraining Order to Preserve the Status Quo: to Prohibit his Removal from the United States and His Transfer Outside this District while his Motion to Reopen and this Petition are Pending [Doc. No. 14] is DENIED.

IT IS FURTHER ORDERED that the Court hereby VACATES its September 28, 2026 Order [Doc. No. 9] referring the matter to Magistrate Judge Amanda L. Maxfield. The referral is TERMINATED.

IT IS SO ORDERED this 9th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

granting the Motion to Reopen—an event which has not occurred and is independent of the Petition.