**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FRAIMER ALEXANDER TORO MOSQUERA,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, et al.,<br><br>Respondents. | ) | Case No. CIV-26-2655-SLP |

**<u>O R D E R</u>**

Before the Court is Petitioner Fraimer Alexander Toro Mosquera's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Respondents have responded, *see* [Doc. No. 12], and Petitioner has replied, *see* [Doc. No. 16].[1] Upon review and for the reasons that follow, the Court DENIES the Petition.

## I. <u>Background</u>

Petitioner, a citizen of Venezuela, entered the United States on October 5, 2024, near San Ysidro, California. That same day, Petitioner was placed by United States Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and was charged as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i). Petitioner was subsequently paroled into the United States.

[1] Upon review, the Court GRANTS Petitioner's Motion for Leave to File His Reply Out of Time, to the Extent Necessary [Doc. No. 15]. Petitioner has also filed a Motion for Leave to File Supplemental Reply in Support of Petitioner for Writ of Habeas Corpus [Doc. No. 28]. Upon review, the Court GRANTS the Motion. However, the Court has considered the factual assertions and legal arguments contained in Petitioner's Supplemental Reply in Support of Petition for Writ of Habeas Corpus [Doc. No. 28-1] and finds they do not change the Court's conclusion.

Petitioner's parole expired on April 24, 2026. Petitioner also subsequently filed an application for asylum in his immigration proceeding.

On September 7, 2026, Petitioner was arrested by the Woodward County Sheriff's Office in Woodward County, Oklahoma.[2] On September 11, 2026, the immigration court held a removal hearing for Petitioner's immigration matter. Because the immigration judge found that Petitioner had notice of the hearing and failed to appear, the immigration judge ordered Petitioner removed to Venezuela *in absentia*. On September 12, 2026, Petitioner was transferred from state custody to ICE custody.

On September 25, 2026, Petitioner filed this action, claiming his detention violates 8 U.S.C. § 1226(a) and his due process rights under the Fifth Amendment to the United States Constitution. Petitioner also asserted claims relating to an alleged warrantless arrest and the validity of a voluntary departure document he alleges he was coerced to sign.[3] As relief, Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or, in the alternative, release from custody. The Petition does not reference the order of removal *in absentia*. When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On October 19, 2026, Respondents filed a Notice of Petitioner's Movement [Doc. No. 13], which indicated that "Petitioner ha[d] been scheduled for removal]" and that "on

[2] The Petition alleges that Petitioner was detained by immigration officials on September 7, 2026. See Pet. [Doc. No. 1] at 13. Petitioner now represents he was detained by the Woodward County Sheriff's Office that day. *See* [Doc. No. 16] at 2.

[3] Although raised in the Petition, Petitioner represents he is no longer bringing a warrantless arrest claim at this time. *See* Reply [Doc. No. 16] at 9.

October 22, 2026, Petitioner w[ould] be transferred outside this judicial district to El Paso, Texas for pre-removal staging." *See* Notice [Doc. No. 13] at 1. On October 23, 2026, Petitioner mailed his Motion for Temporary Restraining Order to Preserve the Status Quo: to Prohibit his Removal from the United States and His Transfer Outside this District while his Motion to Reopen and this Petition are Pending [Doc. No. 14] (TRO Motion), which was received by the Court on October 26, 2026.

Petitioner indicates that he mailed a Motion to Reopen and Rescind the In Absentia Order of Removal, and Notice of Automatic Stay of Removal (Motion to Reopen) to the San Antonio immigration court on October 23, 2026. *See* TRO Motion [Doc. No. 14] at 2; Motion to Reopen [Doc. No. 16-2] at 10. Respondents filed a response [Doc. No. 18] to the TRO Motion on October 27, 2026

On October 28, 2026, Magistrate Judge Amanda L. Maxfield entered a Report & Recommendation [Doc. No. 19] (R&R) recommending that the Court grant the TRO Motion in part. *See* R&R [Doc. No. 19] at 9. On November 2, 2026, the Court directed "the Respondents to provide an update . . . as to whether the immigration court has received a Motion to Reopen filed by Petitioner." *See* Order [Doc. No. 21] at 2. On November 3, 2026, Respondents filed a Status Update [Doc. No. 22] indicating that "no Motion to Reopen has been filed in Petitioner's immigration case." *See* Status Update [Doc. No. 22]. On November 9, 2026, the Court declined to adopt the R&R, and denied the TRO Motion on the basis that the Court lacked jurisdiction over the issues raised in the motion. *See* Order [Doc. No. 23] at 6-7. On November 16, 2026, the Court again directed "the Respondents to provide an update . . . as to whether the immigration court has received a

Motion to Reopen filed by Petitioner." *See* Order [Doc. No. 25] at 1. That same day, Respondents filed a Status Update [Doc. No. 22] indicating that "the Immigration Court has not received a Motion to Reopen filed by Petitioner." *See* Status Update [Doc. No. 26].

On November 20, 2026, the Court received Petitioner's Supplemental Reply in Support of Petition for Writ of Habeas Corpus [Doc. No. 28-1]. In the brief, Petitioner represents that "[b]ecause the October 23 mailing was not received (Doc. 22), Petitioner refiled his motion to reopen and rescind in the San Antonio Immigration Court by hand delivery or overnight courier, and served DHS." *See* Supp. Reply [Doc. No. 28-1] at 4. On November 20, 2026, the Court also received a copy of what Petitioner represents to be an amended version of his Motion to Reopen and Rescind the In Absentia Order of Removal of September 11, 2026 [Doc. No. 29] (Motion to Reopen). The Motion to Reopen indicates that Petitioner mailed a copy of the Motion to Reopen to ICE's Office of the Principal Legal Advisor in San Antonio on November 16, 2026. *See* Mot. to Reopen [Doc. No. 29] at 14.

## II. **Discussion**

Petitioner asserts in the Petition that he is entitled to a bond hearing under § 1226(a) as he was a "noncitizen who entered the United States and was thereafter detained in the interior of the country." *See* Pet. [Doc. No. 1] at 14. However, the record reflects that as of the date of this Order, as well as the time that the Petition was filed on September 25, 2026, Petitioner was subject to an order of removal entered *in absentia* on September 11, 2026. *See* Immigration Judge Order [Doc. No. 12-4]; *see also* TRO Mot. [Doc. No. 14] at 2 (acknowledging removal order); Reply [Doc. No. 16] at 1 (same).

An order of removal entered *in absentia* becomes administratively final upon entry. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [i]f an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order"). An order of removal entered *in absentia* can only be rescinded through the mechanism of a motion to reopen in an immigration proceeding. *See* 8 C.F.R. § 1003.23(b)(4)(ii).

Petitioner is currently subject to an order of removal entered *in absentia*. "We will not resolve a dispute if its rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." *Texas Brine Co., LLC & Occidental Chem. Corp.*, 879 F.3d 1224, 1229 (10th Cir. 2018) (internal quotation marks and citations omitted). The principle invokes the ripeness doctrine, which requires that the Court "balance[ ] the fitness of the issue for judicial review with the hardship to the parties from withholding review." *Id.* (citing *United States v. Bennett*, 823 F.3d 1316, 1326 (10th Cir. 2016). As to fitness, the Court looks to "whether determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed." *Id.* (citations omitted). This is clearly met as Petitioner's claims hinge on an event which has not occurred—the vacation of the removal order entered *in absentia*. The claims in the Petition, as framed, are not ripe without the vacation of the order of removal entered *in absentia*, which depends on an immigration court ruling in favor of a motion to reopen filed by Petitioner. Petitioner has repeatedly recognized this limitation. *See, e.g.*, Reply [Doc. No. 14] at 8; Supp. Reply [Doc. No. 28-1] at 1, 4. As to hardship, the Court must

consider "whether withholding review will place the parties in a direct and immediate dilemma." *Id.* at 1230 (internal quotation marks and citations omitted). Here, Petitioner does not suffer from a direct and immediate dilemma as his claims rest on a contingency which has not occurred. Furthermore, Petitioner would not be barred from bringing the claims raised in his Petition if the order of removal is vacated. Accordingly, the Court finds that the claims in the Petition are premature and subject to dismissal.[4]

## III. Conclusion

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is DENIED as premature, and the matter is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's Motion for an Individualized Bond Hearing [Doc. No. 5] is DENIED.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[4] Petitioner requests in his reply brief to hold his Petition "in abeyance pending the Immigration Judge's ruling on Petitioner's Motion to Reopen and Rescind." *See* Reply [Doc. No. 16] at 10; *see also* Supp. Reply [Doc. No. 28-1] at 6. Because the Court finds that the claims in the Petition are premature, the Court finds that the proper disposition is dismissal of the claims without prejudice. However, Petitioner may pursue his claims in a future action if circumstances entitle him to such relief at that time.